01  RUDY MEZA
    1818 Midway Drive
02  Santa Rosa, CA  95405
    Tel:  (707) 623-0552
03  Email:  rammeza@aol.com
    *Pro Se Petitioner Party of Record*
04

05          **UNITED STATES DISTRICT COURT**
            **NORTHERN DISTRICT OF CALIFORNIA**
06                **SAN FRANCISCO DIVISION**

07          Cause No.: _____

08

09  RUDY MEZA,                          )
            Petitioner,                 )
10                                      )
    v.                                  )
11                                      )
    STATE OF CALIFORNIA, SONOMA         )
12  COUNTY DEPARTMENT OF CHILD          )
    SUPPORT SERVICES, MARIA L.          )
13  RODRIGUEZ aka MARIA L. CHAVEZ,      )
    and ZILDA S. MCCAUSLAND,            )
14          Respondents.                )
    _____)

15

16  **Notice Distinguishing Between the Two Basic Types of Removal;**
    **and, Motion for Issuance of Preliminary Relief in the Alternatives**

17

        Comes now Petitioner, Rudy Meza, providing Notice in regards to the two (2) different types
18
    of removals[1] under federal law found within Chapter 89 of Title 28 of the United States Code, as
19
    completely and wholly opposite in: **(a)** their own proper comity placement of original
20
    jurisdiction; **(b)** their own fundamental natures; and, **(c)** their own procedural parameters, to-wit:
21

CV removal from the Superior Court
of Sonoma County, California

State case number:  SFL-57853
*("Meza v. Rodriguez")*

Judge Shelly Averill, presiding

CONSTITUTIONAL CHALLENGE
INJUNCTIVE RELIEF SOUGHT
DEMAND FOR JURY TRIAL

22  _____
23  [1] There are actually eight (8) statutory authorities for removal to federal court, 28 §§ 1441, 1442, 1442a, 1443, 1444, 1452, 1453 and 1454. However, in virtually all substantive and procedural respects, §§ 1442, 1442a, 1444, 1452, 1453 and 1454 are simply special cases of the general § 1441, and all of those have, as their primary crux, whether state courts or federal courts are the most proper *original* jurisdiction. Hence all seven of those will be referred to herein under that general Section 1441. Section 1443 is a completely different type of removal from all these other seven types, *never* concerned with *original* jurisdiction (indeed, *state* court jurisdiction *and* action are prerequisites).

01

02          The most often used form of removal is filed under the general authority of 28 U.S.C. § 1441,

03   wherein a given new case is improperly filed into some state court, and therefore removed by the

04   newly-sued defendants, because the federal courts have an original jurisdiction over those same

05   particular subject matters, such as telecommunications, voting redistricting, some utilities issues,

06   and so forth (or, as in the special cases of §§ 1442, 1442a, 1444, etc., regarding *federal* officers

07   or agencies, or members of *federal* armed forces, or *federal* lands/buildings/etc., and so forth).

08          However, the less-often used form, under 28 U.S.C. § 1443, as herein, is wholly *opposite* in

09   procedural nature, *never* touching on cases involving original federal subject matter, as expressly

10   regarding and providing for removal **only** of *existing* state proceedings, i.e., where nobody

11   disputes that the state court assumedly *had* proper jurisdiction, but has *lost* jurisdiction unto the

12   federal courts, when the state court litigant ascertains the federal statutory right under § 1443 to

13   remove for any and/or all violations of civil and/or equal rights, and does so within a timely

14   period after such realization, pursuant to the equally-express statutory authority provided under

15   the second paragraph of 28 U.S.C. § 1446(b), which clearly and unambiguously states:

16          If the case stated by the initial pleading is not removable, a notice of
        removal may be filed within thirty days after receipt by the defendant,
        through service or otherwise, of a copy of an amended pleading, motion,
17      order or other paper from which it may first be ascertained that the case
        is one which is or has become removable, except that a case may not be
18      removed on the basis of jurisdiction conferred by section 1332 of this
        title more than 1 year after commencement of the action.

19          Hence, a more detailed and direct comparison of these two (2) wholly opposite types of

20   federal removal is necessary, provided in and by the following, and being revealed thusly:

21          a) Removal actions under § 1441 are *always* filed within thirty (30) days of the original

22   case being opened, while removal actions under § 1443 theoretically can *never* be filed

23   within the first thirty (30) days of the original case being opened, due to the simple fact that

Notice Distinguishing Between the Two Basic Types of Removal                                  2

some state court with unquestioned original jurisdiction must progress along first, then with action in violation of litigants' civil and/or equal rights occurring, as an express prerequisite;

b) Removal actions filed under § 1441 are *always* about original *federal* subject matter jurisdiction, while removal actions filed under § 1443 are *never* about original *federal* subject matter jurisdiction (or else such aggrieved litigant would have *already* lost their right to timely remove via *§ 1441*, or via special cases of *§§ 1442*, *1442a*, *1444, etc.*, after the first thirty (30) days had elapsed since the date that such case was originally opened in state court);

c) Removal actions filed under § 1441 are *never* about exclusively-original state court subject matter jurisdiction (in fact, just the opposite), but removal actions filed under § 1443 theoretically *always* include unquestionably-original state court subject matter jurisdiction;

d) Again, in other words, removals under § 1441 (and the special cases of §§ 1442, 1442a, 1444, etc.) are *always* about the question of most proper original jurisdiction under comity and federalism, but removals filed under § 1443 are theoretically *never* about *any* question of validity in whether the original case was properly filed within the given state court;

e) Any multiple defendants/respondents in removal actions under § 1441 must *always* consent, or separately answer, in regards to the other defendants/respondents, while peer litigants in removal actions under § 1443 are *never* bound to each other in such processes;

f) Removal actions under § 1441 are *never* filed to prosecute the instant state court for deprivations of individual rights, while removals under § 1443 are *always* and *only* filed to prosecute the instant state court and/or actors for deprivations of individual rights; *and,*

g) All remands (or not) of removal actions filed under § 1441 are *never* allowed any review on appeal or otherwise, while all remands (or not) of removal actions filed under §

01
02
1443 are \*always\* allowed the availability of review on appeal or otherwise (i.e., Congress *stressed* § 1443's **superior importance in giving statutory relief**). *See*, 28 USC § 1447(d).

03
04
05
06
Accordingly, it is plainly clear that the two (2) different types of Chapter 89 removals are completely and wholly opposite and separate from each other, as to essentially all of the relevant substantive and procedural aspects, and even further, they are also often as *mutually-exclusive* of each other within many, if not most, of those exact same respects, parameters and procedures.

07
08
09
10
11
12
13
In short, it is patently unconstitutional to treat any removal action filed under *§ 1443* like a removal action as filed under *§ 1441*, since virtually every important substantive and procedural matter between the two is *opposite* in their nature, therefore also any and/or all legal case law regarding § 1441 actions simply do not *validly* apply to actions filed under § 1443 (especially due to the availability of appellate review or not), and so forth, and so on. These two (2) basic types of removals are fundamentally *different* in their very nature and purposes, and in literally every substantive or procedural aspect, including the extremely important next issue discussed.

14
15
16
17
The facial language and application of § 1441 *are* constitutional, but the language and application of § 1443 *are not* constitutional. Simply put, *both* the written statutory language of § 1443, *and* the federal court system's routine, nationwide application of § 1443, are patently and wholly unconstitutional, directly on their faces.

18
19
20
21
22
23
The entirety of Chapter 89, Title 28, of the United States Code is in regards to the various grounds and procedures for handling removals of cases from state cases into the federal court system, something like a change of venue from one county to another, or like a change of judge, but essentially a change from one *type* of court system (*state*, with state rules, state laws, state etc.) into another *type* of court system (*federal*, with federal rules, federal laws, federal etc.). While there do exist other types of court systems active within the United States jurisdictions,

01 such as military courts, ecclesiastical courts (rare religion-based court systems), tribal courts, and

02 etc., the state and federal courts are obviously the two main systems handling the well-known,

03 overwhelming vast majority of all American legal issues ever processed.

04 While 42 USC § 1983 and another relatively small number of federal statutes, along with a

05 certain variety of case law, are the actual authorities providing the normal routes for civilly

06 prosecuting the state courts and their associated actors (for monetary damages, injunctions, and

07 other various kinds of *direct* relief), and while the Executive Branch remains manifestly

08 negligent of utilizing its authority under law to criminally prosecute wayward state courts and

09 their perpetrating state actors for constitutional violations, even such wayward actions that rise to

10 *criminal* level, the "civil/equal rights removal statute", 28 USC § 1443 herein, is the "citizen

11 self-protection statute" provided by Congress, exactly the same as Congress provided to ALL

12 citizens the self-executing power to implement automatic stays to financial collection activities,

13 *immediately* upon a personal filing of bankruptcy within the proper federal bankruptcy court.

14 So, especially in the situations wherein state courts and/or their actors are even *criminally*

15 violating constitutional rights, **already, at the present time, and/or imminently about to do so,**

16 as is the case herein, Congress has provided a single, solitary route for such injured litigants as

17 myself *to self-protect themselves in urgency*, and that solitary route is the one and only civil and

18 equal rights removal statute, 28 USC § 1443. Congress provided this statutory relief for all.

19 Therefore, the statutory authority of 28 USC § 1443 absolutely and categorically must be

20 available to any and all litigants, within any and all state court proceedings, *regardless of a*

21 *litigant's particular party classification*, or absurd results can easily and utterly fail equality.

22 It is neither unconstitutional nor unreasonable for federal case law regarding removals filed

23 under *§ 1441* to limit the ability of removal, itself, to only the "defendant" in a given new state

Notice Distinguishing Between the Two Basic Types of Removal 5

01   case filed, precisely because of that same character:  It is a *new* case, and within that first

02   thirty (30) days, theoretically nothing substantive should ever normally occur, the various

03   litigants' rights are all still in safe status quo, awaiting all kinds of possible responses and legal

04   directions, including, of point herein, the ability of the one(s) primarily sued – the named

05   "defendant(s)" – to employ the legal device of removal under 28 USC *§ 1441*, should the subject

06   matter dictate that jurisdiction belongs either more, better, or even exclusively within the federal

07   courts, instead of within the state courts.  This is the precise reason why the one(s) doing the

08   suing – "plaintiffs" – are prevented by what amounts to unlawful "judge shopping" or "forum

09   shopping" in attempting removal, should they self-decide to originally file their *own* new case in

10   state court, then later not like the developing results of the situation created by themselves.

11   Hence, by limiting all *§ 1441* removals only to "defendants", the proper result is reasonably

12   achieved, although that is still functionally inadequate and incomplete, as the better terminology

13   would simply be that "plaintiffs" cannot remove *their own actions* that they, themselves, filed –

14   by their own strategic decisions – into a state court.  Any third parties interested and/or included

15   upon the very outset of a brand *new* case typically have no basis to fear any adjudications,

16   violations, or any other substantive impact upon their own rights or interests, whatsoever, and so

17   it therefore cannot absolutely be claimed any clear right of third parties to *§ 1441* removal.

18   However, ALL litigants within any state court proceeding must, absolutely <u>must</u>, have fully

19   *equal* access and *equal* right to self-protection of *§ 1443* removal, lest the state court get away

20   with rights violations *upon any other party it wishes*, simply because they are not called the

21   "defendant" parties.  Plaintiffs and third parties must <u>also</u> have clear rights to these exact same

22   self-protections for rights violations, or they are being *already* discriminated against by default,

23   slapped squarely across the direct face of any "equal" rights or "equal" protection of the law.

01     Indeed, *even* the State has equal right to § 1443 removal of a given criminal case, if needed,

02     notwithstanding that the State is *always* the "plaintiff" party within its criminal prosecution, for

03     the state court judge might be biased enough to bend or break laws in favor of that defendant.

04     So again, we plainly see that § 1441 and § 1443 are **wholly different** kinds of removals,

05     completely distinguished apart in **numerous** aspects of *both* substantive *and* procedural issues.

06     But, the large myriad of distinguishment and differences between § 1441 and § 1443, and the

07     further unconstitutionality of § 1443 application and practice, doesn't conclude with discussions

08     only of the above. It seems also to define routine, wanton acts of federal reverse discrimination.

09     Neither the written language under 28 USC § 1441, nor its broad and widespread, routine

10     application throughout the federal judiciary on a daily basis, ever even so much as once *remotely*

11     mentions any aspect of any "racial profiling" before business can get down to business in *that*

12     type of removal. But, often in removal actions filed under § 1443, a "racial screening" is almost

13     always performed. In other words, there is an apparent, very widespread practice to reverse

14     discriminate the mere availability of § 1443 removals to non-minority petitioners, i.e., an action

15     of routinely denying white citizens equal protection of the law, i.e., something which would raise

16     considerable due process and other constitutional issues, on a very grand and massive scale. *See*,

17     the contemporaneously-filed Notice of Pre-Emptive Constitutional Challenge to the Unlawful

18     Discrimination of Separate Racial Classes via *Georgia v. Rachel*, now incorporated in its entirety

19     by reference the same as if it had been fully set forth herein (H.I.), for additional information.

20                                                        .

21     However, the undersigned Petitioner will merely move this Court to select and declare two

22     issuances, within this single case, from among the following preliminary relief alternatives.

23                        **Motion for Issuance of Preliminary Relief in the Alternatives**.

Notice Distinguishing Between the Two Basic Types of Removal                                    7

01  **[1 of 2]**  As detailed above, removal under 28 USC § 1443 is \**never*\* about questioning the

02  most proper *original* jurisdiction, i.e., whether or not the *original* pleadings trigger federal

03  jurisdiction over the given *newly-filed* case (and therefore, starting the 30-day clocks to remove

04  under the *opposite* in nature but parallel authorities of 28 USC §§ 1441, 1442, 1442a, 1444, etc.).

05  Because removals under 28 USC § 1443 are never about determining comity and federalism

06  betwixt the state and federal court systems, whatsoever, neither is any provision about requiring

07  inclusion of the *original* pleadings in such a removed state court case either valid, necessary, or

08  even constitutional. Indeed, under § 1443 removal, the *original* pleadings will almost always be

09  totally and utterly irrelevant (unless, for example, like the rare situation wherein the removing

10  defendant claims rights violations by direct facial challenge to a state statute – and even then, the

11  onus would be upon that removing defendant to utilize such original pleadings as part of his

12  direct argument in chief...), and any notion of requiring such irrelevant inclusion of original

13  pleadings otherwise, within the opening filings of a *§ 1443* removal package, is a direct slap to

14  the faces of the doctrine of conservation of judicial resources, the doctrine of non-elevation of

15  form over substance, the Clerk's time, the parties' time, the taxpayer's dime, and several others.

16

17  **WHEREFORE**, your undersigned Petitioner now and hereby moves this Court to **_EITHER_**:

18  a) Accept and retain this § 1443 removal package without any further ado regarding original

19  pleadings of the instant state court case, i.e., to not bother ruling on this issue, just deem the same

20  acceptable herein, and simply proceed forward with the substantive processes of this action; **_OR_**,

21  b) Pursuant to the authority of 28 USC § 1447(b), customize either option from "*may require*

22  *the removing party to file with its clerk copies of all records and proceedings in such State court*

23  *or may cause the same to be brought before it by writ of certiorari issued to such State court*" so

as to cause only those original pleadings to be added herein (and not the entire, lengthy record).

Notice Distinguishing Between the Two Basic Types of Removal                                    8

01 **[2 of 2]** Removal under 28 USC § 1443 is an expressly-provided, unambiguous, statutory

02 entitlement to relief process for claims of rights violations by the given state court and/or its

03 actors, much the same as the civil nature and purpose of 42 USC § 1983 provided for prosecuting

04 rights violations, and/or much the same as the criminal nature and purpose of 18 USC §§ 241 and

05 242 provided for prosecuting rights violations, i.e., the duly established procedure within this

06 federal Court is to go through, one by one, each such individual claim, count, or other allegation

07 in violation of federal civil rights and/or equal rights, and to determine the full veracity of each.

08 Further, your Petitioner has contemporaneously filed my Notice of Pending Amendment to

09 expand this removal Complaint under "little sister" 28 USC § 1443, with mere exampled civil

10 Counts, into a larger-pled, full civil suit Complaint under "big sister" 42 USC § 1983, since

11 virtually all such Counts are interchangeable between the two action forms, and that pending

12 amended Complaint shall of course be filed within the time allotted by F.R.Cv.P. Rule 15(a)(1).

13

14 **WHEREFORE**, your undersigned Petitioner now and hereby moves this Court to **_EITHER_**:

15 a) Proceed immediately with the removal portion of this overall cause and Order the various

16 respondent and third parties below to file their written responses/answers in (14-21) days; **_OR_**,

17 b) Direct that your Petitioner first complete and file his fully-pled amended Complaint within

18 the time allotted by F.R.Cv.P. Rule 15(a)(1), and that the various Respondents-Defendants then

19 within the normal time of summons may file their written responses, answers, and any defenses.

20 **AND**, your Petitioner further moves for all other relief true and proper within the premises.

21 Respectfully submitted,

22 Rudy Meza

23 1818 Midway Drive
Santa Rosa, CA 95405

Notice Distinguishing Between the Two Basic Types of Removal          9

01

Tel:  (707) 623-0552
Email:  rammeza@aol.com

02

*Pro Se Petitioner Party of Record*

03

## CERTIFICATE OF SERVICE

04

05

I hereby certify:  that on this 15th day of June, 2018, a true and complete copy of the above

06

*notice of two types of removal*, by depositing the same via first class postage prepaid mail, USPS

07

or equivalent postal carrier, has been duly served upon the following:

08

*(United States Attorney General)*
U.S. Attorney General Jeff Sessions

*(Respondent State of California)*
State of California

09

U.S. Department of Justice
950 Pennsylvania Avenue, NW

c/o Atty Gen Xavier Becerra, SBN #118517
1300 "I" Street

10

Washington, DC  20530-0001

Sacramento, CA  95814-2919

11

*(Respondent Sonoma Co. DCSS)*
Sonoma County Dept. of Child Support Services

*(Respondent Maria)*
Maria L. Rodriguez aka Chavez

12

c/o Carrie L. Thompson, SBN #217869
3725 Westwind Boulevard, Suite 200

c/o Diane Dee Schilling, SBN #67431
591 Ellis Court

13

Santa Rosa, CA  95403

Sebastopol, CA  95472

14

*(Respondent Zilda)*
Zilda S. McCausland, SBN #133720

*(State counsel for Respondent Maria)*
Diane Dee Schilling, SBN #67431

15

Family Law Solutions
141 Stony Circle, Suite 240

Law Office of Diane Dee Schilling
591 Ellis Court

16

Santa Rosa, CA  95401

Sebastopol, CA  95472

17

18

Rudy Meza    Sui Juris

19

20

21

22

23