**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **RUDY MEZA,**<br><br>    Plaintiff**,**<br><br>  vs.<br><br>**STATE OF CALIFORNIA, ET AL.,**<br><br>    Defendants**.** | CASE NO. 18-cv-03593-YGR<br><br>**ORDER REMANDING ACTION** |

This is at least the third attempt by *pro se* litigant Rudy Meza to challenge rulings by the Sonoma County Superior Court related to domestic disputes involving his former spouse. (*See* Civil Action Nos. 17-cv-04863-RS ("*Meza I*"); 18-cv-01454-RS ("*Meza II*").[1]) Although limited circumstances exist in which federal courts have jurisdiction to review state court rulings, Meza has alleged no facts to support such an outcome here.[2]

Meza's numerous filings that resulted in the initiation of this federal action are unclear as to his intent.[3] To the extent Meza may have intended to "remove" state court action number SFL-57853 pursuant to 28 U.S.C. section 1443 (*see generally* Petition; *see also generally* Dkt. No. 8), he fails to show any viable basis for removal jurisdiction.

---

[1] Judge Richard Seeborg remanded the two prior actions because there was no basis for removal. He advised Meza that "successive removals absent good cause may result in imposition of substantial financial sanctions." (*Meza II*, Dkt. No. 25 at 2.)

[2] A letter filed in this action's docket by opposing counsel in the state court case indicates that all three of Meza's attempts at removal are frivolous and were made at the last minute "in order to avoid a proper trial in Sonoma County." (Dkt. No. 23.)

[3] Meza made a total of sixteen filings on June 15, 2018, which he refers to collectively as his "removal package." (Verified Petition for Warrant of Removal ("Petition") at 9, Dkt. No. 1.) Meza's complaint from the state case is not included in his removal package, and the Court tried unsuccessfully to access case number SFL-57853 on the Sonoma County Superior Court's publicly-accessible online record system.

Section 1443 of 28 U.S.C. provides:

> Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed *by the defendant* to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> (1) Against any person who is denied or cannot enforce in the courts of such a State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
>
> (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

28 U.S.C. § 1443 (emphasis supplied). As the plain language of the statute indicates, and as the Ninth Circuit has confirmed, the right of removal is vested exclusively in a *defendant*. *See In re Walker*, 375 F.2d 678, 678 (9th Cir. 1967) (per curiam) ("No right [of removal] exists in favor of a person who, as plaintiff, has filed an action in the state court, to cause the removal of such action to a federal court.") (citing 28 U.S.C. §§ 1441, 1443, 1446); *see also Okot v. Callahan*, 788 F.2d 631, 633 (9th Cir. 1986) (per curiam) ("Okot, as the petitioner in the state court proceeding, had no power to remove his own case. Removal is available only to defendants.") (citing 28 U.S.C. §§ 1441(c), 1442, 1443, 1446(c), and *In re Walker*). This language, as these cases show, is consistently echoed by related statutes concerning removal, with constant reference to removal by the defendant or defendants—not by the plaintiff. *See also, e.g.*, 28 U.S.C. §§ 1453, 1455.

Recognizing this limitation, Meza challenges Section 1443 as unconstitutional, namely: "Without basis of any kind, let alone rational basis, the 'defendant' limiting text within Section 1443 is patently arbitrary and capricious, and therefore wholly unconstitutional." (Dkt. No. 8 at 9; *see also* Dkt. Nos. 13, 17.) Meza does not persuade. Indeed, interpreting the express language of Section 1443 to restrict the right of removal to defendants is consistent with the purpose of the removal statutes. The process of removing a case from state to federal court was statutorily created to permit a defendant to substitute a forum of his or her own choosing that has jurisdiction. 14B Charles Alan Wright, Arthur R. Miller, Edward H. Cooper, & Joan E. Steinman, *Federal Practice and Procedure* § 3721 (4th ed. 2009). The removal statutes intentionally "restrict the right [of removal] to the party who had no choice in the selection of the forum." *Victorias Milling*

*Co. v. Hugo Neu Corp.*, 196 F. Supp. 64, 68 (S.D.N.Y. 1961).

Meza concedes that he "was the original 'petitioner' filer of the state court divorce action . . . ." (Dkt. No. 8 at 10.) That he may have been a "counter-respondent" in a "counter-suit," as he contends, does not impact the Court's ruling herein. *Id.*; *see also Vaden v. Discover Bank*, 556 U.S. 49, 61–62 (2009) ("[C]ounterclaims, even if they rely exclusively on federal substantive law, do not qualify a case for federal-court cognizance."); *Or. Egg Producers v. Andrew*, 458 F.2d 382, 383 (9th Cir. 1972) (per curiam) ("A plaintiff who commences his action in a state court cannot effectuate removal to a federal court . . . even if a counterclaim is thereafter filed that states a claim cognizable in a federal court.").[4]

In light of the foregoing, this action is **REMANDED** to Sonoma County Superior Court, Case No. SFL-57853 and/or such other related case numbers to which Meza may contend the notice of removal applied, if any.[5] Meza is advised that frivolous attempts at removal to avoid trial and judgment in state court will not be tolerated and may result in imposition of substantial financial sanctions and an order deeming Meza to be a vexatious litigant.

The Clerk shall remand this action to the state court forthwith and close the case file. This Order terminates Docket Number 17.

**IT IS SO ORDERED.**

Dated: October 1, 2018

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

---

[4] To the extent Meza may be attempting to assert affirmative claims against any of the named defendants in this action *independently* of removal jurisdiction, this order of remand is without prejudice to Meza's right to bring any such affirmative claims in federal court, consistent with his obligations under Federal Rule of Civil Procedure 11. *See* Fed. R. Civ. P. 11(b)(1). Meza is cautioned however, that a court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (internal quotation marks omitted). "[N]aked assertions devoid of further factual enhancement" do not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 687 (2009) (internal alteration and quotation marks omitted). Moreover, the Eleventh Amendment bars suits against a state brought by its own citizens, whether the relief sought is money damages or an injunction. *Shaw v. State of Cal. Dep't of Alcoholic Beverage Control*, 788 F.2d 600, 603 (9th Cir. 1986).

[5] In light of the Court's ruling, Meza's request for judicial notice (Dkt. No. 9) and motion for issuance of preliminary relief (Dkt. No. 17) are **DENIED AS MOOT**.

3